RIVER VALLEY GAS COMPANY *v.* IMPROVEMENT DISTRICTS NOS. 1 AND 2.

4-3121

Opinion delivered October 9, 1933.

*Harry Neelly* and *Hardin & Barton,* for appellant.

*Cochran & Arnett* and *Robert J. White,* for appellee.

McHANEY, J.   This is an appeal from judgments in favor of appellees against appellant for $2,400 and $2,150, respectively.   Appellees are street improvement districts in the city of Paris, Arkansas.   Each had paved certain streets in said city.   After the paving was completed in each district a franchise was granted by the city of Paris to appellant's assignor, and appellant through its contractor constructed a gas distributing system in said city under said franchise.   In doing so it made a number of cuts in the pavement in the streets

in each district which were repaired and placed back in as good condition as when originally constructed. These were separate suits to recover the penalty provided in § 5736, Crawford & Moses' Digest, which reads as follows: "Before any street is paved, the commissioners of the improvement district may give notice to water-works companies, gas companies and other public service corporations, of their intention to pave such street, and shall in such notice fix a reasonable time in which such public service corporations shall make excavations, for the purpose of laying down the service pipes and conduits to the property line; and thereafter it shall be unlawful for such public service corporations, or for any individual to make any excavations in said streets, except upon condition of restoring said streets to their condition before such excavation is made, and paying to the commissioners of said district, or, in case of their discharge, to the city or town, twenty-five dollars for each excavation. The said sum of twenty-five dollars shall be paid before the work of excavation is begun, and, if such work of excavation is begun without payment thereof, the commissioners of the district, or, in case of their discharge, the city or town, may recover the sum of fifty dollars of the party undertaking such excavations, together with all costs and a reasonable attorney's fee to be taxed by the court."

We think this statute has no application to the facts in this case. The object of this statute as clearly indicated by its express language is to give opportunity to utility companies operating in any city to lay service pipes and conduits before constructing the pavement. Manifestly a utility company not operating in the city at the time of the construction of the pavement could not be notified of the laying thereof, and could not lay down any service pipes or conduits before the pavement was constructed. The proof in this case shows that the appellant was not even in existence at the time the streets were laid, and the franchise granted its assignor by the city of Paris was subsequent thereto. The statute is penal in its nature, and must be strictly construed.

The penalties imposed by it must be limited to those that were in existence at the time, and who received notice of the construction of the pavement, and, after having received such notice and having been given a reasonable time in which to make the excavations to lay their service pipes and conduits, ignored such notice and neglected and failed to avail themselves of the opportunity thus given to make their improvements before the laying of the pavement.

The court therefore erred in granting a directed verdict in favor of appellees, and in refusing to grant appellant's request for a directed verdict in its favor at the conclusion of the testimony for appellees. The judgment will be reversed, and the cause dismissed.